A. BASSETT, Respondent, v. L. HOLLENBECK, Appellant.

## No. 1578; July 14, 1869.

**Logs and Logging—Possession of Land.—In Order to Recover the Value** of sawlogs, alleged to have been wrongfully cut and removed by the defendant from the land of the plaintiff, the plaintiff must show actual possession in himself of the land from which the logs were cut.

APPEAL from Sixteenth Judicial District, Alpine County.

Marshall & Briggs for respondent; Nathaniel Bennett for appellant.

SANDERSON, J.—This is an action to recover the value of certain sawlogs alleged to have been wrongfully cut and removed by the defendant from the land of the plaintiff. The judgment was for the plaintiff, and the defendant moved for a new trial, which was denied. The grounds of the motion were that the verdict of the jury was not sustained by the testimony, and that erroneous instructions were given and other instructions, not erroneous, were denied.

The only real contest seems to have been in relation to the plaintiff's possession of the land, from which the sawlogs were cut. It appears that the plaintiff, in company with two

or three other persons—it is impossible to determine from the record how many—undertook to acquire possession for themselves and other persons—constituting all together a company of eight—of eight quarter sections of land situated on Carson river in Alpine county—that is to say, a quarter section for each member of the company. The business of the company seems to have been the cutting of wood and timber for the Virginia market in the state of Nevada, and they sought the land for the sake only of the wood and timber which was growing upon it. The plaintiff, and the other parties with him, for themselves and the other members of the company, caused a survey to be made, embracing eight quarter sections of land, showing the external boundaries of the whole tract, and also the dividing lines of each quarter section. According to the testimony of some of the witnesses, the lines of each quarter section were "well marked," but how they were marked the testimony fails to show. Their first plan was to take up a quarter section for each member of the company under the Possessory Act of this state, and, doubtless, we are to understand by these "well marked" lines, such lines as would satisfy the calls of that statute—that is, lines so marked in the field as to be readily known and traced. They seem to have subsequently suspected, however, that the Possessory Act does not authorize the taking up of public lands by absentees for the purposes of cutting off the wood and timber, for the plaintiff makes no effort to found his possession upon that statute. They next seem to have undertaken to secure a common-law possession, and, to that end, to avail themselves of the Carson river as an inclosure on the east, and certain ridges and bluffs, connected by lines of "felled trees" or "brush-fence," on the other three sides. This inclosure, such as it was, followed the exterior lines of the whole tract of eight quarter sections—no attempt was made to inclose each or any of the quarter sections separately. Inside of this supposed inclosure a cabin and other improvements were made at a cost of about three hundred dollars, on the joint account of the company. None of the company resided upon the land, or any part of it, except when actually engaged in the business of cutting and rafting timber and wood, at which times they occupied the cabin and camps which had been erected for that purpose. The whole tract was treated as the common

possession of the whole company, and timber and wood was cut from the several quarter sections indifferently. Yet they seem to have been uncertain whether their rights were to be considered as of a common-law or statutory origin, for some sales and transfers were made in which the parties dealt with each other upon the theory that they owned separate quarter sections in severalty. And this action has been brought upon this theory; for the plaintiff, and not the company, sue, and he claims that he alone has been injured by the trespass of the defendant, for the reason that the trespass was committed upon his separate quarter sections, which had become three in number at the time the trespass was committed. Yet, for the purpose of making out an actual possession of his three quarter sections, he relies solely upon the company's inclosure of the whole eight; or, in other words, for the purpose of making out a several, actual possession in himself of three quarter sections, he relies upon the joint possession of the company of the whole eight. Can that be done? We are unable to comprehend the legal principle upon which such a course can be allowed. The company—as such—either possess the whole tract in common, or each member possesses separate quarter sections in severalty. If the former, the supposed trespass of the defendant was upon the possession of the company. Had the action been brought by the company, they could have appealed to the supposed inclosure of the whole tract, for the purpose of establishing an actual possession in themselves, but we are unable to perceive how the plaintiff can claim the benefit of the company's inclosure, in making out a several, actual possession in himself, except so far as the company's inclosure may be found to bound his quarter sections. In order to maintain the action, he must show an actual possession in himself of the land from which the logs were cut. Such a possession is not shown by the testimony of the possession of the company of a larger tract in which the land is included—on the contrary it is disproved by such testimony.

Whether the inclosure made by the company was sufficient to give them the actual possession of the land it is unnecessary to consider. It is sufficient to say that the plaintiff not only failed to show an actual possession in himself of the land from which the logs were cut, but proved the contrary,

by showing that whatever possession there was, was in the company, and not in him.

Judgment and order reversed, and a new trial granted.

We concur: Sprague, J.; Crockett, J.; Sawyer, C. J.; Rhodes, J.